HIGH *v.* BAILEY, MAYOR.

4-6682

157 S. W. 2d 203

Opinion delivered December 22, 1941.

462

*Madison K. Moran,* for appellant.

*E. H. Bostic* and *Wallace Townsend,* for appellee.

McHANEY, J. Appellants are citizens, residents and property owners in the town of Cabot, Arkansas, and of an improvement district formed by the town council for the purpose of constructing a sewer system therein. Appellees are the mayor, recorder and aldermen of said town, and two others, Oliver and Carter, who are alleged to be the ''agent of the Bonding Company and ''Engineer,'' respectively. According to the prayer of the complaint they brought this action for the purpose of having the court ''to exempt the property of these plain-

tiffs who will not be benefited by the sewer system and to hear testimony and make the contract for the plaintiffs in accordance with the statements made by Hugh Carter, the engineer, and the promoters to the people of Cabot, and that the decree of the court be that the plaintiffs do not have to connect or take the sewer if they do not want it, and that no wells or cisterns will be closed upon their property, and that they pay one per cent. of the valuation of their property each year for twenty years, and for all proper and just relief.'' There is no allegation that the district is void for any reason, although it is alleged in an amendment to the ·complaint that the required number of two-thirds in value of· the property owners did not sign the petition for the creation of the district, and that a majority did not sign the petition for the bonded indebtedness. We assume, without any allegation to that effect, that a sewer district has been created by the town council, based on a petition therefor signed by property owners purporting to be more than two-thirds· in value. Appellants do not seek to enjoin the construction of the sewer system, but insist they are for it, if it will not cost them more than one per cent. of the assessed value of their property annually for a period of twenty· years. Trial resulted in a decree dismissing the complaint for want of equity. Hence this appeal.

It appears from the abstract of appellees that a sewer district has been created and a board of assessors appointed who have made an assessment of benefits of 26½ per cent. of the assessed value of each tract of land in the district,. and that the town council then levied by ordinance an annual tax of 4½ per cent. of the benefits so assessed, which amounts to 1.19 per cent. of the assessed value. In other words, a piece of property with an·assessed value of $1,000 would have benefits assessed of $265 on which the annual tax would be $11.90 instead of $10 if assessed as appellants contend it was represented to them. So it appears to us that the principal complaint made by appellants is without ·any merit, as the assessment of benefits made and the annual tax thereon so levied is substantially the same as that they contend was promised them.

An improvement district in cities and towns may be created to include all the city or town, or a part thereof for the purpose of constructing sewers, and they may assess all the real property in the district for such purpose. Section 7279, Pope's Digest. The district is created under the provisions of § 7281 which requires a petition signed by persons claiming to be two-thirds in value of the owners of real property in the proposed district, as shown by the last county assessment, to be filed with the city clerk who shall thereupon give notice that on a certain day the petition will be heard at a meeting of the city or town council. The hearing provided for above is limited to the question "as to whether two-thirds in assessed value of the property owners have signed the petition." If so the council is required to pass an ordinance so finding and to establish the district. As to whether the required number have signed the petition, the council and the chancery court shall be governed by the record of deeds in the county recorder's office and they shall not consider any unrecorded instrument, and also by the value placed on the property by the last county assessment on file in the county clerk's office. Section 7282. This procedure was followed, and, on July 29, 1941, the council made the finding and passed the ordinance creating the district.

We are unable to say from the evidence presented by this record that the petition did not contain the required majority. Both the town council and the chancery court found that it did. The burden was on appellants to show that it did not and the finding of the council was *prima facie* correct. *Board of Imp. Dist.* v. *Offenhauser*, 84 Ark. 257, 105 S. W. 265; *Dunbar* v. *Street Imp. Dist. No. 1 of Dardanelle*, 172 Ark. 656, 290 S. W. 372. We do not think appellants met the burden. The rule is well settled that the findings of the chancery court will not be set aside unless against the clear preponderance of the evidence. Here two witnesses testified for appellants based largely on their personal knowledge, but not based on the county records, whereas the testimony for appellees is positive and certain that the petition contained the required majority, based on the records

in the recorder's and county clerk's office. It appears to us that the court's finding in this regard is supported by the preponderance of the evidence.

We are asked to say that those who do not want the sewer do not have to connect with it when built. We cannot do so. The matter of requiring residents of municipalities to connect with sewer is one coming under the police powers of such municipalities. Aside from the fact that sewer connection is a convenience and necessity it has a direct relation to the public health of the community, over which the council has jurisdiction.

Affirmed.